HOUSTON, Special Justice
(concurring specially).
Upon initial consideration, I was inclined to dissent; however, infallibility was not my long suit while I was on the Bench, nor is it in retirement.
Alabama Code 1975, § 16-33C-6(b), provides: “A PACT Contract ... does not constitute a debt or obligation of the state....”
By the vacation of the judgment approving the settlement agreement, based upon the undisputed financial data presented to the trial court those beneficiaries of PACT contracts now in college or soon to be in college will have their tuition paid in full; those beneficiaries who are scheduled to attend college in future years will receive nothing. If this Court had affirmed the judgment in this case, each owner of a PACT contract could have, at his or her discretion, obtained a refund of the amount he or she paid into the fund, subject to certain taxes, or, if the owner elected not to withdraw from the PACT contract, each beneficiary would have received approximately $32,000 in tuition under the PACT contract, the specific value depending upon the college or university the beneficiary chose to attend. The 2008-2009 economic *363 downturn and the increased tuition costs caused the PACT program to close, which created a closed-end Ponzi.
I believe that the settlement may have provided the greatest good for the greatest number of people. That, however, is not a ground for dissent.
There are approximately 30,000 remaining owners of PACT contracts and approximately 40,000 remaining beneficiaries under those contracts. Therefore, only 0.18% of the total group objected to the settlement agreement and 99.82% of the owners and beneficiaries of all PACT contracts did not timely object to the settlement. This was not a ground for dissent.
At the fairness hearing to evaluate the merits of the settlement, the trial court heard live testimony from the ex officio chairman of the PACT board, who testified that the settlement was designed to distribute equitably among class members all the available assets to reflect the respective time value of money and to allow those class members who did not believe such value to be beneficial to cancel their PACT contracts and obtain refunds. However, he testified that in late 2012 the PACT program would lack sufficient assets with which to refund class members the full amounts of their original investments. He testified that the settlement agreement would provide class members as a whole with a sufficient benefit and return on investment as opposed to merely receiving refunds or potentially nothing if all assets are depleted. He asked for the proposed settlement agreement to be approved, but he testified that the proposed settlement agreement violated the laws of the State. In fact, the settlement agreement provides: “The purpose and effect of the settlement shall be to modify the dispositive terms of the PACT Trust Fund” and/or “the terms of the contractual relationships between class members and the PACT board.”. (Emphasis added.)
Section 16-33C-19, Ala.Code 1975, added by Act No. 2010-725, Ala. Acts 2010, provides that any changes that the PACT board made to “rules, procedures, or policies” could not “violate the contractual relationship existing between a PACT contract holder and the PACT board.” (Emphasis added.)
To “violate” is “to break or disregard (a law or promise).” American Heritage Dictionary of the English Language 1921 (4th ed.2001). To “modify” is “to change in form or character; alter.” Id., at 1131. A distinction without a difference — or vice versa. Therefore, I concur.